IN THE DISTRICT COURT FOR THE UNITED STATES DISTRICT OF SOUTH GEORGIA.

| | |
|---|---|
| RANDY H. COLLINS, JR.<br>MOVANT<br><br>VS<br><br>WARDEN SWANEY, FCI Jesup<br>FEDERAL BUREAU OF PRISONS<br>RESPONDENTS | CASE # - TBD<br>(CRIMINAL CASE No.<br>1:19-CR-10098 (STA))<br><br>REQUEST LEAVE TO FILE<br>ERRANTLY FILED CASE<br>(JURISDICTIONAL ERRORS)<br>AS 28 U.S.C. § 2241 |

COMES NOW RANDY H. COLLINS, Requesting to SUBMIT ATTACHED DOCUMENTS TO BE CONSTRUED AS A 28 U.S.C § 2241 IN THIS COURT.

PAPERS ORIGINALLY FILED AS A "MOTION Requesting THE ISSUANCE OF A NUNC PRO TUNC ORDER" IN CRIMINAL CASE. NORMALLY, It WOULD BE CONSTRUED AS A NORMAL PRO-PER MOTION to Sentencing COURT IN TENNESSEE - But AS It is IN question of TIME Computation, Technically, it is a 2241 MOTION. THEREFORE, MOVANT ATTESTS HE is A JURIS-DICTIONAL Citizen of THE STATE Of Georgia, AS AN INMATE/PRISONER At FCI Jesup IN Jesup, GA - THEREFORE, THE DISTRICT of SOUTH GEORGIA WOULD Be CORRECT Filing Forum.

Please ACCEPT ATTACHED NUNC pro tunc Request As Construed AS A Filed 2241, AS it correctly Reflects The Issues AT HAND.

THANK You

CERTIFICATE OF SERVICE -

I certify A Copy of This Document sent VIA US MAIL TO: US DIST. Ct, S. GA,
PO Box 8286
SAVANNAH, GA 31412

RANDY H. Collins
2/21/2024
DATE

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
JACKSON DIVISION

| | |
|---|---|
| RANDY H. COLLINS, JR.<br><br>　　　　Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff, | )<br>)<br>)<br>)<br>) CASE NO.:1:19-CR-10098 (STA)<br>)<br>)<br>)<br>)<br>) |

*File Copy*

## MOTION REQUESTING THE ISSUANCE OF A
## NUNC PRO TUNC ORDER

COMES NOW RANDY H. COLLINS, JR., Defendant, pro se, and hereby respectfully moves the Court to issue a nunc pro tunc Order causing the state of Tennessee sentence of "time served," handed down on August 21, 2022, in the 24th Circuit Court of Carroll County, to run concurrently with the 60 month sentence handed down in this case on July 30, 2021. In support thereof, the following is shown:

### STATEMENT OF RELEVANT FACTS

On or about August 24, 2018, I was arrested by Tennessee state law enforcement officers on charges of possession of drugs and a firearm. I was placed in the Carroll County Jail, but I was able to post bond and be released pending trial.

However, I was thereafter charged with having filed a false police report. My bond was then revoked, and I was returned to state custody. I have been in continuous incarceration since September 2018.

Thereafter, while awaiting trial, I was notified that the federal government had assumed jurisdiction over my drug and gun charges. This would ultimately cause the state of Tennessee to dismiss those same state charges.

On or about September 19, 2019, I was given over to federal custody, based upon a writ of habeas corpus ad prosequendem. I thereafter entered a plea of guilty. Then on July 30, 2021, the Court sentenced me to sixty-months of incarceration, to be followed by three-years of supervised release. At my July sentencing hearing, my attorney, Federal Defender Diane Smothers, asked the Court to grant me credit against my federal term of incarceration for all time spent in custody since the date of my original arrest by Tennessee authorities, August 8, 2018. The Court granted that request.

On or about August 9, 2021, I was returned to the custody of the state of Tennessee. Although the state had dismissed my gun and drug charges, the charge of filing a false report was still pending. My state defense attorney believed that, based upon the sixty-month sentence of incarceration handed down by this Court, that the state would dismiss the false report charge. That, however, did not happen.

In fact, a disposition of that false report charge dragged on for an entire year, when I was sentenced in state court to

"time served" on August 21, 2022. The state judge, The Honorable J. Brent Bradberry, in light of the fact that I had already been sentenced to sixty-months incarceration by this Court, ordered that my "time served" sentence to run "concurrently" with this Court's sentence. (Attachment A, Judgement in Tennessee Case No. 19CR5). The state judge, along with my state defense attorney, assumed that my federal sentence had begun on the date it had been imposed.

However, after arriving in federal prison, I was to learn that my federal sentence did not commence until I was actually received in exclusive federal custody. Moreover, I also learned that the time I received in the state case for the false report would not be credited toward completion of my federal term. (Attachment B, Letter from Bureau of Prisons dated September 26, 2023). That time was found to be from October 18, 2018 to September 19, 2019, <u>and</u> from August 9, 2021 to August 31, 2022. <u>Id</u>.

Therefore, even though this Court granted me credit for <u>all</u> time spent in custody since the date of the September 2018 arrest by state authorities, and even though the state judge specifically ran my state sentence of "time served" <u>concurrently</u> with the sentence of this Court, due to factors no one could have foreseen at the time, at this point, I cannot receive the time credit this Court and the state court saw fit to grant me.

## **ARGUMENT**

In the September 2023 letter from the Bureau of Prisons, under the existing federal statutes, namely Title 18 USC § 3585, because this Court was "silent" on the issue of whether any future state of Tennessee would run "concurrently" with the sixty-month sentence this Court imposed, that subsequent state sentence would be required to run "consecutively." Id. However, at the time this Court saw fit to grant me credit for all time I had spent in custody since the date of my original arrest, no one could have foreseen what was to happen regarding the state false report charge. Neither I nor my defense attorney, Ms. Smothers, saw the potential for that state charge to have the detrimental effect it has caused in giving me the time credit this Court saw fit to grant me. Clearly, had this fact been anticipated, Ms. Smothers would have specifically asked the Court to run my federal sentence with any sentence I might subsequently receive on the false report charge. And, I respectfully submit that I believe this Court would have granted such a request.

Also, the state judge obviously felt that I should not be made to serve any time beyond the sixty-month term imposed by this Court, because he ran that state "time served" sentence concurrently with this Court's sentence.

However, based upon factors that no one saw coming, the intent of this Court and the intent of the state judge have been thwarted.

The time currently being withheld based on the state sentence amounts to approximately 23 months. Without that time

credit, my projected release date from federal prison is "February 3, 2025," some 15 months in the future. Thus, had I received the time credit this Court and the state judge wanted me to have, I would have already satisfied the sixty-month term of incarceration imposed by this Court, and I would have been released. (Attachment C, BOP Sentence Computation Sheet).

In light of all the facts in this case, and because this Court <u>and</u> the state court judge wanted me to serve no more than the sixty-month sentence this Court imposed, I am respectfully requesting this Court to issue a <u>Nunc Pro Tunc</u> Order that states the state sentence I received in the false report case runs <u>concurrently</u> with my sixty-month federal term. Should this Court see fit to grant this request, as soon as this Court signs that Order and it is filed, it will cause my immediate release from federal prison.

I want to assure this Court that I am a changed man, and my goals are to return to my family, to be a loving son to my dear mother, to be a faithful husband to my wife, and to be a good father to my four children

WHEREFORE, for all the foregoing reasons and for good cause shown, I respectfully request the relief herein requested.

Respectfully submitted,

Randy H. Collins, Jr.
Defendant, <u>pro se</u>

## CERTIFICATE OF SERVICE

I hereby certify that I have provided a true copy of the foregoing to:

U.S. Attorney
Clifford Davis Federal Bldg.
167 N. Main Street, Ste. 800
Memphis, TN  38103;

and

Diane Smothers
Federal Defender
109 S. Highland Ave., Rm 105
Jackson, TN  38301;

by delivering same, first-class postage prepaid, to prison authorities at FCI Jesup for mailing on this the ____ day of November 2023.

_____
Randy Collins, Jr.
Reg. No. 31657-076
FCI Jesup
2680 Hwy 301 South
Jesup, GA  31599

# IN THE CRIMINAL CIRCUIT COURT FOR CARROLL COUNTY, TENNESSEE

Case Number: **19CR5**  Count#: **7**  Counsel for the State: **DEVEN N WHITFIELD**
Judicial District: **24th**  Judicial Division: _____  Counsel for the Defendant: **DWAYNE D. MADDOX, III**
Co-Counsel for the Defendant: _____
☐ Retained  ☐ Pub Def Appt  ☑ Private Atty Appt

**State of Tennessee**
vs.  ☐ Counsel Waived  ☐ Pro Se
**Defendant:** RANDY HOWARD COLLINS JR  Alias: _____  Date of Birth: 12/02/1981  Sex: Male
Race: White  SSN: 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  Driver License #: _____  Issuing State: _____
State ID #: _____  County Offender ID # (if applicable): _____  TDOC
Relationship to Victim: _____  Victim's Age: _____
State Control #: _____  Arrest Date: 10/18/2018  Indictment Filing Date: 01/07/2019

**FILED A.M. / P.M. SEP 12 2022**
**SARAH BRADBERRY**
**CARROLL CO. CIRCUIT COURT**
BY _____

**JUDGMENT**  ☑ Original  ☐ Amended  ☐ Corrected

**Come the parties for entry of judgment.**
On the **31st** day of **August**, 20 **22**, The defendant:

☑ Pled Guilty
☐ Pled Nolo Contendere
☐ Pled Guilty – Certified Question Findings
  Incorporated by Reference
☐ Dismissed
☐ Nolle Prosequi with costs
☐ Nolle Prosequi without costs
Is found:  ☑ Guilty  ☐ Not Guilty
  ☐ Not Guilty by Reason of Insanity
☐ Jury Verdict
☐ Bench Trial  Merged with Count: _____

**Indictment:** Class (circle one) 1st A B C **D** E  ☑ Felony  ☐ Misdemeanor
Indicted Offense Name: FALSE REPORT
Indicted Offense TCA §: 39-16-502(a)(1)(A)
Amended Offense Name: _____
Amended Offense TCA §: _____
Offense Date: 09/28/2018  County of Offense: CARROLL
Conviction Offense Name: FALSE REPORT
Conviction Offense TCA §: 39-16-502(a)(1)(A)
**Conviction:** Class (circle one) 1st A B C **D** E  ☑ Felony  ☐ Misdemeanor
Sentence Imposed Date: 08/31/2022

After considering the evidence, the entire record, and in the case of sentencing, all factors in Tennessee Code Annotated Title 40, Chapter 35, all of which are incorporated by reference herein, it is ORDERED and ADJUDGED that the conviction described above is imposed hereby and that a sentence and costs are imposed as follows:

| Offender Status (Check One) | Release Eligibility for Felony Offense (Check One) | | | | |
|---|---|---|---|---|---|
| ☐ Mitigated | ☐ Mitigated 20% | ☐ § 40-35-501(i) 100% | ☐ Agg Rob 85% | ☐ Agg Child Neg/En 70% | ☐ 1st Degree Murder |
| ☑ Standard | ☐ Mitigated 30% | ☐ Multiple Rapist 100% | ☐ Agg Rob w/Prior 100% | ☐ Agg Child Neg/En 85% | ☐ Pre-1989 |
| ☐ Multiple | ☑ Standard 30% | ☐ Child Rapist 100% | ☐ § 39-17-1324(a), (b) 100% | ☐ Agg Vehicular Homicide 60% | ☐ Reform Act 1989 |
| ☐ Persistent | ☐ Multiple 35% | ☐ Agg Rapist 100% | ☐ Mult § 39-17-1324(j) 100% | ☐ Carjacking 75% | ☐ Drug Free Zone |
| ☐ Career | ☐ Persistent 45% | ☐ Child Predator 100% | ☐ Agg Assault w/Death 75% | ☐ §40-35-501(u) 85% | ☐ Gang Related |
|  | ☐ Career 60% | ☐ § 39-13-518 100% | ☐ Att 1st Deg Murder w/SBI 85% |  | ☐ Repeat Violent Off |

**Concurrent with:** WESTERN DISTRICT OF TENNESSEE FEDERAL SENTENCE DOCKET No. 19CR10098

**Consecutive to:**

**Pretrial Jail Credit Period(s):**
From 10/18/2018 to 09/19/2019  From 08/09/2021 to 08/31/2022
From _____ to _____  From _____ to _____
From _____ to _____  From _____ to _____
It is not the intent of the court for duplication of Jail Credit to be applied to consecutive sentences

**Sentenced To:** ☑ TDOC  ☐ County Jail  ☐ Workhouse
**Sentence Length:** **2** Years **0** Months **0** Days **0** Hours  ☐ Life  ☐ Life w/out Parole  ☐ Death

Mandatory Minimum Sentence Length: _____ §§ 39-17-417, 39-13-513, 39-13-514, or 39-17-432 in Prohibited Zone
  _____ § 55-10-401 DUI 4th Offense
  _____ § 39-17-1324 Possession/Employment of Firearm
  _____ §§ 40-39-208, -211 Violation of Sex Offender Registry
  _____ Meth §§ (39-17-434, -417, -418)
Period of incarceration to be served prior to release on probation or Community Corrections: _____ Months _____ Days _____ Hours
Minimum service prior to eligibility for work release, furlough, trusty status and rehabilitative programs: _____ % (Misdemeanor Only)

**Alternative Sentence:** ☐ Sup Prob  ☐ Unsup Prob  ☐ Comm Corr  ☐ Prob Sup By Comm. Corr (CHECK ONE BOX)
  _____ Years _____ Months _____ Days  Effective: _____
WAS DRUG/RECOVERY COURT ORDERED AS A CONDITION OF THE ALTERNATIVE SENTENCE?  ☐ Yes  ☐ No

**J. BRENT BRADBERRY**
Judge's Name  Judge's Signature

# IN THE CRIMINAL CIRCUIT COURT FOR CARROLL COUNTY, TENNESSEE

Case Number: __19CR5__ Count#: __7__
Judicial District: __24th__ Judicial Division: _____

**State of Tennessee**
**vs.**
**Defendant:** RANDY HOWARD COLLINS JR  Alias: _____  Date of Birth: 12/02/1981  Sex: Male
**Race:** White  SSN: 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

## CONTINUATION OF JUDGMENT  ☑ Original  ☐ Amended  ☐ Corrected

| Court Ordered Fees and Fines: | Costs to be Paid by |
|---|---|
| $_____ Court Costs | ☑ Defendant  ☐ State |
| $_____ Fine Assessed | |
| $_____ Traumatic Brain Injury Fund (68-55-301 et seq.) | |
| $_____ Drug Testing Fund (TN Drug Control Act) | |
| $_____ CICF | |
| $_____ Sex Offender Tax | |
| $_____ Other: _____ | |

**Restitution:** Victim Name _____
Address _____
_____
Total Amount $_____ Per Month $_____

☐ Unpaid Community Service:
____Hours ____Days ____Weeks ____Months

☑ The Defendant having been found guilty is rendered infamous and ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-521, the defendant is ordered to provide a biological specimen for the purpose of HIV testing.
☐ Pursuant to 39-13-524 or 39-13-518, the defendant is sentenced to community supervision for life following sentence expiration.
☐ Pursuant to Title 68, Chapter 11, Part 10, 71-6-117, or 71-6-119, the clerk shall forward this judgment to the Department of Health.

**Special Conditions:**

J. BRENT BRADBERRY
Judge's Name    Judge's Signature    9/10/22 Date of Entry of Judgment

Counsel for State/Signature (optional)    Defendant/Defendant's Counsel/Signature (optional)

I, _____, clerk, hereby certify that, before entry by the court, a copy of this judgment was made available to the party or parties who did not provide a signature above.

## IN THE CRIMINAL/CIRCUIT COURT FOR CARROLL COUNTY, TENNESSEE

Case Number: __19CR5__   Count#: __7__
Judicial District: __24th__   Judicial Division: _____

**State of Tennessee**
**vs.**
Defendant: __RANDY HOWARD COLLINS JR__   Alias: _____   Date of Birth: __12/02/1981__ Sex: __Male__
Race: __White__   SSN: __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__

### CONTINUATION OF JUDGMENT   ☑ Original   ☐ Amended   ☐ Corrected

**Court Ordered Fees and Fines:**   **Costs to be Paid by**
$ _____ Court Costs   ☑ Defendant  ☐ State
$ _____ Fine Assessed
$ _____ Traumatic Brain Injury Fund (68-55-301 et seq.)
$ _____ Drug Testing Fund (TN Drug Control Act)
$ _____ CICF
$ _____ Sex Offender Tax
$ _____ Other: _____

**Restitution:**   Victim Name _____
Address _____
Total Amount $ _____ Per Month $ _____

☐ Unpaid Community Service:
___Hours ___Days ___Weeks ___Months

☑ The Defendant having been found guilty is rendered infamous and ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-521, the defendant is ordered to provide a biological specimen for the purpose of HIV testing.
☐ Pursuant to 39-13-524 or 39-13-518, the defendant is sentenced to community supervision for life following sentence expiration.
☐ Pursuant to Title 68, Chapter 11, Part 10, 71-6-117, or 71-6-119, the clerk shall forward this judgment to the Department of Health.

**Special Conditions:**

__J. BRENT BRADBERRY__   _/s/ Brent Bradberry_   __9/10/22__
Judge's Name   Judge's Signature   Date of Entry of Judgment

_/s/_   _/s/ D. Maddox_
Counsel for State/Signature (optional)   Defendant/Defendant's Counsel/Signature (optional)

I _____, clerk, hereby certify that, before entry by the court, a copy of this judgment was made available to the party or parties who did not provide a signature above.



U.S. Department of Justice

Federal Bureau of Prisons

---

Designation and Sentence Computation Center
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051

September 26, 2023

Randy Collins                                       (Via Email to CMC)
c/o FCI Jesup
Federal Register No. 31657-076
Case Number: 1:19-CR-10098-STA

This letter is in response to your correspondence sent to the Bureau of Prisons (BOP) Designation and Sentence Computation Center (DSCC), wherein you request prior custody credit be awarded towards your federal sentence for time you spent in state custody (Beginning August 24, 2018) to present.

A review of our records reveals you were "borrowed" from the Carroll County, TN via federal writ on September 19, 2019. On July 30, 2021, you were sentenced in the United States District Court Western District of Tennessee to a 60-month term of imprisonment for Possession of a Firearm in Furtherance of a Drug, in Case Number 1:19-cr-10098-STA. The Court was "silent" regarding the relationship of its term with any other sentence. You were returned to state custody on August 9, 2021, pending disposition of your pending state charges. You were released from your state sentence upon its expiration on and became exclusive federal custody on September 15, 2023.
As the Court was "silent" regarding the issue of whether to run your federal sentence concurrent or consecutive to your state sentence, the Bureau of Prisons (Bureau) computed your federal sentence consecutive to your state sentence.

Your federal sentence computation reflects prior custody credit that was after the federal date of offense and not credited to the state case because you were in the primary jurisdiction of state authorities at the time of sentencing. Title 18 U.S.C. §3585(b), which governs the granting of prior custody credit, states:

> **A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention <u>prior to the date the sentence commences</u>—**
>
> **(1) as a result of the offense for which the sentence was imposed; or**

>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence</u>. (**Emphasis added**)

Your state sentence commenced on August 31, 2022 and the state applied credit for time served from October 18, 2018 to September 19, 2019 and August 9, 2021 to August 31, 2022. This is not inclusive of the dates you were on federal writ from September 20, 2019 to August 8, 2021. To grant you any additional credit for this time would be contrary to §3585.

Your sentence was computed correctly according to the cited statutes and Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>.

I trust this information has addressed your concerns.

Thanks, B/ERC.

```
 TDGHQ   540*23  *       SENTENCE MONITORING       *      04-14-2023
PAGE 001         *        COMPUTATION DATA         *      13:21:00
                          AS OF 04-14-2023

REGNO..: 31657-076 NAME: COLLINS, RANDY HOWARD JR


FBI NO............: 493619DC7         DATE OF BIRTH: 12-02-1981 AGE:  41
ARS1..............: TDG/A-DES
UNIT..............: 1 GP              QUARTERS.....: Z02-113LAD
DETAINERS.........: NO                NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 08-19-2024

THE INMATE IS PROJECTED FOR RELEASE: 02-16-2025 VIA GCT REL


-----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: TENNESSEE, WESTERN DISTRICT
DOCKET NUMBER...................: 1:19-CR-10098-STA
JUDGE...........................: ANDERSON
DATE SENTENCED/PROBATION IMPOSED: 07-30-2021
DATE COMMITTED..................: 12-05-2022
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS   FINES         COSTS
NON-COMMITTED.:  $100.00        $00.00           $00.00        $00.00

RESTITUTION...:  PROPERTY: NO   SERVICES:  NO         AMOUNT: $00.00

-------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:   130     18:924(C) FIREARMS LAWS          FSA INELIGIBLE
OFF/CHG: 18:924(C); 18:924(C)(1)(A)(I) POSSESSION OF A FIREARM IN
         FURTHERANCE OF A DRUG CT.3S

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:     60 MONTHS
 TERM OF SUPERVISION............:      3 YEARS
 DATE OF OFFENSE................: 08-24-2018




G0002          MORE PAGES TO FOLLOW . . .
```

```
 TDGHQ  540*23  *           SENTENCE MONITORING        *    04-14-2023
PAGE 002 OF 002 *            COMPUTATION DATA          *    13:21:00
                              AS OF 04-14-2023

REGNO..: 31657-076 NAME: COLLINS, RANDY HOWARD JR


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-07-2023 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 11-22-2022 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 09-15-2022
TOTAL TERM IN EFFECT............:    60 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 08-24-2018

JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                     08-24-2018    09-27-2018
                                     09-20-2019    08-08-2021

TOTAL PRIOR CREDIT TIME.........: 724
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 216
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 02-16-2025
ELDERLY OFFENDER TWO THIRDS DATE: 01-21-2024
EXPIRATION FULL TERM DATE.......: 09-20-2025
TIME SERVED.....................:     2 YEARS      6 MONTHS      25 DAYS
PERCENTAGE OF FULL TERM SERVED..:  51.2
PERCENT OF STATUTORY TERM SERVED:  58.1

PROJECTED SATISFACTION DATE.....: 02-16-2025
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 1-10-23 DGCT B/BRG;04-07-23 DGCT UPDT B/TYM




G0000          TRANSACTION SUCCESSFULLY COMPLETED
```

R. Collins # 31657-076
Federal Corrections Institution
2680 Hwy 301 South
Jesup GA   31599

U.S. (t) District South GA
PO Box 8286
Savanna GA  31412

INSPECTED BY
MAR 11 2024
U.S. Marshals Service/SGA