IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RANDY H. COLLINS, JR.,

    Petitioner,

v.

WARDEN SWANEY,

    Respondent.

CIVIL ACTION NO.: 2:24-cv-35

**REPORT AND RECOMMENDATION**

Petitioner Randy Collins ("Collins") failed to comply with the Court's March 11, 2024 directive. Doc. 2. As discussed in greater detail below, I **RECOMMEND** the Court **DISMISS without prejudice** Collins's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, doc. 1, for failure to follow this Court's directive, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Collins leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Collins his suit is due to be dismissed. As indicated below, Collins will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**BACKGROUND**

On March 11, 2024, Collins filed his 28 U.S.C. § 2241 Petition in this Court. Doc. 1. The Clerk of Court notified Collins he had to either pay the requisite $5.00 filing fee or move to proceed *in forma pauperis* within 21 days of the March 11, 2024 directive. Doc. 2. When this mailing was returned to the Court as undeliverable due to a scrivener's error on Collins' identification number, the Clerk of Court re-mailed this notice to Collins on March 25, 2024. Doc. 3; dkt. entry dated Mar. 25, 2024 (showing Doc. 2 and attachment re-mailed to Collins). Collins has not responded to this directive, either by paying the requisite fee or moving to proceed on an *in forma pauperis* basis, and the time to do so has elapsed.

**DISCUSSION**

The Court must now determine how to address Collins's failure to comply with this Court's directive. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Collins's Petition and **DENY** Collins leave to appeal *in forma pauperis*.

**I.   Dismissal for Failure to Follow This Court's Directive**

A district court may dismiss a petitioner's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.[2] Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal

---

[2]   Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the § 2254 Rules may be applied to § 2241 petitions.

[3]   In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Collins his failure to pay the filing fee or move to proceed *in forma pauperis* would result in dismissal of this action. Doc. 2.

2

of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute where plaintiff did not respond to court order to supply

3

defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

With Collins having failed to pay the filing fee or move to proceed *in forma pauperis* or otherwise comply with the Court's directive, the Court cannot proceed in this case. See 28 U.S.C. §§ 1914 & 1915. Collins was given notice of the consequences of his failure to follow the Court's directive, and Collins has not made any effort to do so or to otherwise prosecute this case. Thus, the Court should **DISMISS without prejudice** Collins's § 2241 Petition, doc. 1, for failure to follow this Court's directive and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Collins leave to appeal *in forma pauperis*. Though Collins has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in

good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Collins's failure to follow this Court's directive, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Collins *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS without prejudice** Collins's § 2241 Petition for failure to follow the Court's directive, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Collins leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

5

file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 22nd day of April, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA